UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ANGEL PENA,
A# 040-075-603,                                        ECF Case

                          Petitioner,           Case. No. 07 Civ. 7951 (AKH)

            - against -                          Civil Action

ANDREA QUARANTILLO, District Director,
New York District of the U.S. Citizenship and
Immigration Services; U.S. CITIZENSHIP
AND IMMIGRATION SERVICES,

                         Respondents.
------------------------------------------------------------x

**PETITION FOR REVIEW OF THE DENIAL
OF AN APPLICATION FOR NATURALIZATION**

      Petitioner, Angel Pena (hereinafter "Petitioner" or "Mr. Pena"), by his attorneys, BRETZ & COVEN, LLP, alleges as follows:

**INTRODUCTION**

      1.     This is an action pursuant to INA § 310(c), 8 U.S.C. § 1421(c), seeking review of a decision by the United States Citizenship and Immigration Services ("USCIS") to deny Petitioner's application for United States citizenship. The USCIS issued a final denial of Mr. Pena's application on May 15, 2007. Petitioner seeks that the Court vacate the decision by USCIS as arbitrary and capricious, an abuse of discretion, and otherwise inconsistent with the law, and remand to the District Director for a proper decision in conformance with the law. Alternatively, Petitioner seeks that the Court conduct a *de novo* hearing on his application for naturalization.

## JURISDICTION

2.  Judicial review is pursuant to INA § 310(c), 8 U.S.C. § 1421(c).

## VENUE

3.  Venue in the Southern District of New York is proper pursuant to INA § 310(c), 8 U.S.C. § 1421(c), which provides that a person "may seek review of [a naturalization] denial before the United States district court for the district in which such person resides." Mr. Pena resides at 608 West 204th Street, Apartment #2, New York, NY 10034, which is within this judicial district.

## PARTIES

4.  Mr. Pena is a lawful permanent resident ("LPR") of the United States. He became an LPR on January 28, 1986. He applied for citizenship on March 5, 2001. The USCIS denied the application on August 3, 2004, and Mr. Pena filed an administrative appeal. On May 15, 2007, the USCIS upheld the denial.

5.  The USCIS is the named defendant pursuant to 8 C.F.R. § 336.9(b), which states that "[t]he petition for review [of a naturalization denial] shall be brought against the Immigration and Naturalization Service." On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. 107-296), which created the new Department of Homeland Security ("DHS"). Pursuant to the provisions of the Homeland Security Act, DHS came into existence on January 24, 2003. As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25, 2002, the functions of the former Immigration and Naturalization Service ("INS") of the Department of Justice, and all authorities with respect to those functions, were transferred to DHS on March 1, 2003, and the

INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS. Section 451 of the Homeland Security Act created the USCIS and authorizes the USCIS to adjudicate naturalization petitions.

6. Respondent Andrea Quarantillo is the USCIS District Director of the New York City District. As such, she is the USCIS designate for the New York City District, charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS including the granting and denying of naturalization applications filed by residents of the Eastern District of New York pursuant to 8 U.S.C. § 1421. Her address is 26 Federal Plaza, 11th Floor, New York, New York.

## EXHAUSTION OF REMEDIES

7. Mr. Pena has exhausted the administrative remedies available to him. Section 310(c) of the INA, 8 U.S.C. § 1421(c), provides that an applicant for naturalization may seek judicial review of an adverse naturalization decision made after a hearing held pursuant to INA § 336, 8 U.S.C. § 1447.

## FACTS

8. Mr. Pena is fifty three years old. He is a native and citizen of the Dominican Republic. Mr. Pena has resided lawfully in this country for twenty one years. He entered the United States on or about January 26, 1986, as a lawful permanent resident.

9. On March 25, 1987, Mr. Pena was convicted in the Supreme Court of the State of New York for criminal possession of a controlled substance in the fourth degree. For

3

this conviction, Mr. Pena received five years probation and fine of $5,000. No other sentence was imposed, and Mr. Pena has never been incarcerated or jailed.

10. On May 13, 1987, Mr. Pena was placed on parole.

11. On January 22, 1991, the New York State Division of Parole terminated Mr. Pena's parole early for good behavior.

12. On or about June 10, 1987, on his return trip from the Dominican Republic, U.S. Customs seized $22,766 belonging to Mr. Pena for failure to report to Customs upon his departure from the United States.

13. Mr. Pena petitioned the Customs seeking cancellation of forfeiture on the ground that he earned the money legitimately after many years of working as a cab driver, that he brought the money to the Dominican Republic for the purpose of purchasing property there, and he did not know about the reporting requirement. However, U.S. Customs denied the petition. No criminal or other actions have been taken against Mr. Pena based on this incident.

14. Other than his 1987 conviction and forfeiture of personal assets by the U.S. Customs, Mr. Pena has no other known arrest, conviction or violation of any law or regulation any where in the world.

15. On or about March 5, 2001, Mr. Pena filed an application for naturalization with the legacy INS.

16. On February 21, 2002, Mr. Pena had an interview on his application for naturalization with the INS.

17. On August 3, 2004, the USCIS denied Mr. Pena's application for naturalization. The denial dated August 3, 2004, is attached as Exhibit A. The denial cites 8 C.F.R. §§ 316.2(b),

316.10(a)(1), 316.10(b)(3)(iii), 316.10(a)(2), and INA § 237(2)(B)(i).

18.  8 C.F.R. § 316.2(b) provides that naturalization application has the burden to show that he meets all requirements for naturalization by preponderance of evidence. 8 C.F.R. § 316.10(a)(1) provides that the naturalization applicant has the burden of demonstrating that he is a person of good moral character during the statutory period - within five years from the date naturalization application is made - which also includes the period between the examination and the administration of the oath of allegiance. 8 C.F.R. 316.10 (b)(3)(iii) bars aliens from demonstrating good moral character if they have been convicted of acts or committed unlawful acts adverse to their moral character during the statutory period, unless they establish extenuating circumstances. 8 C.F.R. § 316.10(a)(2) provides that the Service may consider naturalization applicant's conduct outside the five-year statutory period if the applicant's conduct during the statutory period does not reform of character or if earlier conduct appear relevant to the applicant's present moral character. INA § 237(2)(B)(i) provides that, other than a single offense involving personal use of 30 grams or less of marijuana, an alien convicted of a controlled substance offense at any time after admission is deportable.

19.  The decision then discusses Mr. Pena's conviction and concludes that he has failed to demonstrate good moral character because his earlier conduct appears relevant to his present moral character. The decision, however, does not analyze as to why Mr. Pena's 1987 arrest and conviction is relevant to his present moral character when he has no other arrest or conviction before or after the 1987 arrest and conviction.

20.  On August 30, 2004, Mr. Pena filed a timely appeal of the denial of his application for naturalization.

21. On April 15, 2005, Mr. Pena had his interview on his appeal.

22. On May 15, 2007, the District Director affirmed the denial. The decision dated May 15, 2007, is attached as Exhibit B. With regard to the substance of Mr. Pena's qualification for naturalization, this decision only cites to INA § 237(2)(B)(i). The District Director found that Mr. Pena reflects character reformation during the statutory period and that his current status of deportable alien is not a permanent bar to naturalization. The District Director found, however, that Mr. Pena cannot satisfy the good moral character requirement until the appropriate Immigration Court issues a finding relative to his deportability." No other reasoning is provided.

## FIRST CAUSE OF ACTION

(The Denial Should Be Set Aside Because It Is Arbitrary, Capricious, an Abuse of Discretion, Or Otherwise Not in Accordance with Law)

23. The allegations contained in paragraphs 1 through 22 above are repeated and realledged as though fully set forth herein.

24. *De novo* review is not the sole remedy that this Court may provide for an action pursuant to INA § 310(c). Remand for proper consideration of the evidence is a remedy that this Court may grant pursuant to INA § 310(c). INA § 310(c) provides that review is pursuant to chapter 7 of title 5, United States Code. 5 U.S.C. § 706(2)(a) provides that the Court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

25. The USCIS denial of Mr. Pena is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law. As such, the decision should be vacated

and Mr. Pena's application for naturalization should be remanded to USCIS for proper consideration of his application for naturalization.

26. With regards to the decision dated May 15, 2007, there is no rational reason why any of the regulatory and statutory provisions the decision cited to would justify denying Mr. Pena's application for naturalization. In fact, in that decision, the District Director admits that Mr. Pena has shown reformation of character during the statutory period and being a deportable alien is not a permanent bar to naturalization. The District Director made her own finding that Mr. Pena is a deportable alien and also found that being a deportable alien is not a permanent bar to naturalization and Mr. Pena has shown reformation during the statutory period. Nonetheless, she concludes that Mr. Pena cannot meet the good moral character requirement until an Immigration Judge rules on his deportability. This conclusion is simply irrational, illogical, arbitrary and capricious.

27. The record contains substantial evidence that Mr. Pena is a person of good moral character. Mr. Pena's the only arrest and conviction was in 1987 and there has not been any recidivism. Mr. Pena only received 5 years of probation as his sentence, and his parole was terminated after only three years for good behavior. Although Mr. Pena's personal assets were seized in 1987 by U.S. Customs, other than this regulatory violation, no other legal action, whether criminal or civil, has ever been commenced against him based on that incident. Mr. Pena has no other known arrest, conviction or regulatory violation any where in the world.

28. District Director's decision makes no effort to balance the equities regarding Mr. Pena's good moral character and does not provide any meaningful analysis.

29. In light of the fact that it does not appear that the USCIS has not balanced the

equities regarding Mr. Pena's good moral character and does not provide any meaningful analysis, this Court should not engage in *de novo* review of issues that were never considered by the USCIS and should vacate the USCIS decision.

## SECOND CAUSE OF ACTION

(*De Novo* Review on Mr. Pena's Application for Naturalization)

30. The allegations contained in paragraphs 1 through 29 above are repeated and realledged as though fully set forth herein.

31. INA § 310(c) provides that at the request of the Petitioner, the Court shall conduct a hearing *de novo* on his application for naturalization. If the Court will not remand for USCIS to properly consider the evidence, then Mr. Pena requests *de novo* review of his application for naturalization.

32. Mr. Pena meets all of the requirements for naturalization.

33. Mr. Pena is a person of good moral character.

34. Upon *de novo* review of his application for naturalization, Mr. Pena should be granted naturalization.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner demands that this Court grant the following relief:

A.   Assume jurisdiction herein and vacate the denial of Mr. Pena's application for naturalization as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, and remand to the District Director to enter a proper decision on Mr. Pena's application for naturalization; or in the alternative,

B.   The Court should conduct a *de novo* hearing on Mr. Pena's application for naturalization and grant him citizenship.

C.   Grant such other and further relief as the Court deems appropriate and just;

D.   Grant attorney's fees and costs of court.


Dated:  New York, New York
        September 10, 2007

                                        Respectfully submitted,

                                        BRETZ & COVEN, LLP
                                        305 Broadway, Suite l00
                                        New York, N.Y. 10007
                                        (212) 267-2555


                                        _____
                                        David K. S. Kim (DK 5869)
                                        Matthew L. Guadagno
                                        Kerry W. Bretz
                                        Jules E. Coven
                                        Attorneys for the Petitioner

## **VERIFICATION**

David K. S. Kim, under penalty of perjury, states the following:

1. I am an attorney admitted to practice before this Court. I am employed by Bretz & Coven, LLP, the attorneys for the Petitioner of the foregoing petition.

2. I affirm the truth of the contents of the foregoing petition upon information and belief. The sources of my information and belief are the file that Bretz & Coven, LLP, maintains for the Petitioner.

Dated: New York, NY
September 10, 2007

_____
David K. S. Kim