MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    F. JAMES LOPREST, JR.
Special Assistant United States Attorney
86 Chambers Street, 4th Floor
New York, New York 10007
Tel. No.: (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ANGEL PENA,
A# 040-075-603,                                          :

         Petitioner,                                 :
                                                       ANSWER
              - v. -                                    :
                                                 07 Civ. 7951 (AKH)

ANDREA QUARANTILLO, District Director,   :
New York District of the U.S. Citizenship and
Immigration Services; and U.S. CITIZENSHIP   :   ELECTRONICALLY FILED
AND IMMIGRATION SERVICES,
                                                :

         Respondents.
---------------------------------------------------------------x

       Respondents Andrea Quarantillo, District Director of the New York District of United States Citizenship and Immigration Services ("CIS"), and the CIS (collectively, "respondents" or "Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the Petition for Review of the Denial of an Application for Naturalization ("petition") of Angel Pena, Alien No. A40 075 603 ("petitioner" or "Pena"), upon information and belief, as follows:

       1.     Neither admit nor deny the allegations in paragraph 1 of the petition because they constitute petitioner's characterization of this action and/or prayer for relief, to which no responsive pleading is required, except admit that petitioner submitted an application to the CIS seeking to

become a naturalized citizen of the United States, pursuant to sections 310 and 316 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1421 & 1427 ("naturalization application" or "N-400 application"), and that the CIS issued a final denial of petitioner's naturalization application in a decision dated May 15, 2007 ("May 15, 2007 decision").

    2.    Neither admit nor deny the allegations in paragraph 2 because they constitute conclusions of law, to which no responsive pleading is required, and respectfully refer the Court to the statute cited therein for an accurate statement of its provisions.

    3.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 3 regarding plaintiff's place of residence; neither admit nor deny the remaining allegations in paragraph 3 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statute cited therein for an accurate statement of its provisions.

    4.    Admit the allegations in paragraph 4.

    5.    Neither admit nor deny the allegations in paragraph 5 because they constitute conclusions of law, to which no responsive pleading is required; respectfully refer the Court to the statutes cited in paragraph 5 for accurate statements of their provisions; and aver that the former Immigration and Naturalization Service ("INS") ceased to exist on March 1, 2003, and its functions respecting the adjudication of applications for immigration benefits (such as the application for naturalized United States citizenship at issue herein) have been assumed by the CIS. See Homeland Security Act of 2002, Pub. L. 107-296, §§ 441(2), 442(a)(3), 451(b), & 471(a), 116 Stat. 2135, 2192, 2193, 2196, 2205 (Nov. 25, 2002); see also Clark v. Martinez, 543 U.S. 371, 374 n.1 (2005); Chan v. Gantner, 464 F.3d 289, 292 (2d Cir. 2006) (per curiam).

6. Neither admit nor deny the allegations in paragraph 6 because they constitute conclusions of law, to which no response is required; except admit that respondent Andrea Quarantillo is the District Director of the CIS's New York District, and that she has an office at 26 Federal Plaza, 11th Floor, New York, NY; and respectfully refer the Court to the statute cited in paragraph 6 for an accurate statements of its provisions.

7. Neither admit nor deny the allegations in paragraph 7 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes cited in paragraph 7 for accurate statements of their provisions.

8. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 8; except admit that petitioner is a lawful permanent resident of the United States.

9. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 9; except admit that: (1) on or about March 25, 1987, petitioner was convicted in New York State Supreme Court, New York County, of criminal possession of a controlled substance in the fourth degree, in violation of N.Y.S. Penal L. § 220.09, for which he was sentenced to serve five years' probation and pay a $5,000 fine.

10. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 10.

11. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 11.

12. Admit the allegations in paragraph 12.

13. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 13.

14. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 14.

15. Admit the allegations in paragraph 15.

16. Admit the allegations in paragraph 16.

17. Admit the allegations in paragraph 17; and respectfully refer the Court to the statute and regulations cited in paragraph 17 for accurate statements of their provisions, and to the August 3, 2004 decision of the CIS initially denying petitioner's naturalization application ("August 3, 2004 decision"), a true copy of which is annexed to the petition as Exhibit A, for a true and accurate statement of its contents.

18. Neither admit nor deny the allegations in paragraph 18 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute and regulations cited in paragraph 18 for accurate statements of their provisions.

19. In response to the allegations in paragraph 19; respondents respectfully refer the Court to the CIS's August 3, 2004 decision for a true and accurate statement of its contents.

20. Admit the allegations in paragraph 20.

21. Admit the allegations in paragraph 21.

22. Admit the allegations in paragraph 22; and respectfully refer the Court to the statute cited in paragraph 22 for an accurate statement of its provisions, and to the May 15, 2007 final decision of the CIS confirming its initial denial of petitioner's naturalization application, a true copy of which is annexed to the petition as Exhibit B, for a true and accurate statement of its contents.

23. In response to paragraph 23, respondents incorporate as if restated herein their responses to paragraphs 1 through 22 of the petition, supra.

24. Neither admit nor deny the allegations in paragraph 24 because they constitute petitioner's characterization of this action, prayer for relief, and/or conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes cited in paragraph 24 for accurate statements of their provisions.

25. Deny the allegations in paragraph 25 that the CIS's denial of petitioner's naturalization application is "arbitrary, capricious, an abuse of discretion and not otherwise in accordance with the law"; neither admit nor deny the remaining allegations in paragraph 25 because they constitute petitioner's prayer for relief, and/or conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the CIS's May 15, 2007 decision for a true and accurate statement of its contents.

26. Deny the allegations in paragraph 26 that the CIS's denial of petitioner's naturalization application has "no rational reason" or is "irrational, illogical, arbitrary, and capricious"; neither admit nor deny the remaining allegations in paragraph 26 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the CIS's May 15, 2007 decision for a true and accurate statement of its contents.

27. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 27; except neither admit nor deny the allegation that "[t]he record contains substantial evidence that [petitioner] is a person of good moral character" because it constitutes a conclusions of law, to which no responsive pleading is required.

28. Deny the allegations in paragraph 28; and respectfully refer the Court to the CIS's May 15, 2007 decision for a true and accurate statement of its contents.

29. Deny the allegations in paragraph 29 that the CIS "has not balanced the equities regarding [petitioner's] good moral character" and has "not provide[d] any meaningful analysis"; neither admit nor deny the remaining allegations in paragraph 29 because they constitute petitioner's prayer for relief and/or conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the CIS's May 15, 2007 decision for a true and accurate statement of its contents.

30. In response to paragraph 30, respondents incorporate as if restated herein their responses to paragraphs 1 through 29 of the petition, supra.

31. Neither admit nor deny the allegations in paragraph 31 because they constitute petitioner's characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 31 for an accurate statement of its provisions.

32. Neither admit nor deny the allegation in paragraph 32 because it constitutes a conclusion of law, to which no response is required. To the extent that a further response to the allegation in paragraph 32 is required, respondents deny the allegation.

33. Neither admit nor deny the allegation in paragraph 33 because it constitutes a conclusion of law, to which no response is required. To the extent that a further response to the allegation in paragraph 33 is required, respondents deny the allegation.

34. Neither admit nor deny the allegations in paragraph 34 because they constitute petitioner's prayer for relief and/or conclusions of law, to which no response is required. To the

extent that a further response to the allegations in paragraph 34 is required, respondents deny the allegations.

## AS AND FOR A DEFENSE

The administrative decisions issued by the CIS on August 30, 2004 and, upon further review, on May 15, 2007, denying petitioner's naturalization application, were properly issued, were supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of the CIS's broad discretion in naturalization matters.

WHEREFORE, respondents respectfully request that this Court enter judgment dismissing the petition in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
      November 26, 2007

    MICHAEL J. GARCIA
    United States Attorney for the
    Southern District of New York
    Attorney for Respondents

By: /s/_____
    F. JAMES LOPREST, JR.
    Special Assistant United States Attorney
    86 Chambers Street, 4th Floor
    New York, New York  10007
    Tel. No.: (212) 637-2728

TO:   DAVID K.S. KIM, ESQ.
      BRETZ & COVEN, LLP
      Attorneys for Petitioner
      305 Broadway, Suite 100
      New York, NY  10007